## Terre Haute & Indianapolis R. R. Co.
### v.
### Thomas J. Black.

NEGLIGENCE.—It is *prima facie* negligence on the part of those running trains to omit giving the statutory signals, and if such failure is the cause of injury while the one injured is exercising reasonable care and caution, the railroad company is liable.

APPEAL from the Circuit Court of Clark county ; the Hon. C. B. SMITH, Judge, presiding. Opinion filed, December 4, 1885.

Messrs. GOLDEN & WILKIN and Mr. J. G. WILLIAMS, for appellant.

Messrs. WHITEHEAD & JONES, for appellee.

CONGER, J. This suit was commenced in the Circuit

Court of Clark county, to recover damages for the killing of a team of mules and destruction of a wagon, at a place where a public highway crosses appellant's railroad. Trial and judgment for appellee for $325.

It is insisted by appellants—first, that the verdict of the jury was contrary to the law and the evidence; second, that the court gave improper instructions.

Appellee's wagon and team at the time of the accident were in charge of his two sons, aged respectively seventeen and fourteen years, who were familiar with the crossing in question, being in the habit of passing it three or four times a day.

The injury occurring at the crossing of a public highway over appellant's track, the duty of both parties is well defined in Chi. & N. W. Ry. Co. v. Hatch, 79 Ill. 138. "The law imposes upon both parties the duty of using reasonable and prudent precaution to avoid accident and danger, and while it was incumbent upon the railway company to run its train on the occasion referred to and to give the required signal by ringing the bell for eighty (80) rods before reaching the crossing, it was also the duty of the plaintiff to look out for the approach of the train and to observe all reasonable precautions, before attempting to cross the railway track."

We have examined the evidence with great care, and we can not say that the jury were not warranted in finding that the sons of appellee were using reasonable and prudent precaution at the time of going upon the track, and that the required signals were not given by those in charge of the train.

The evidence upon these points, especially the latter, is quite voluminous, and as usual, contradictory.

The jury, having the witnesses before them, were better prepared to judge of the degree of credit to be given to their respective statements than we can possibly be, and in such case it is our duty to take their finding upon controverted facts, as conclusive, unless we can see clearly they have erred.

Appellee's second instruction of which complaint is made is as follows: If the jury believe from the evidence that the defendant's agents or servants in charge of the engine in ques-

tion omitted to ring the bell or sound the whistle continuously for the distance of eighty rods before reaching the highway crossing, such omission constitutes a *prima facie* case of neg-ligence on the part of defendant, and if the jury further believe from the evidence that the plaintiff's team was struck and killed at the railroad crossing in question, as charged in the declaration, in consequence of the omission to ring the bell or sound the whistle while the persons in charge of the team were exercising reasonable care and caution, if the proof shows they were so doing in that behalf, then the defendant is liable to the plaintiff for the loss and damage sustained by the plaintiff by reason of such injury, if any such loss or damage has been proved.

It is urged that the effect of this instruction was to mislead and confuse the jury. It is *prima facie* negligence on the part of those running trains to omit giving the statutory signals, and if such failure is the cause of an injury, while the one injured is exercising reasonable care and caution, there is a liability. St. Louis J. & C. R. R. v. Terhune, 50 Ill. 157.

The foregoing instruction contains all these essential elements, and we think is not open to the objection made.

Perceiving no error in the record the judgment will be affirmed.

Affirmed.